# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

## Minute Entry

*Hearing Information:*

| | |
|---|---|
| **Debtor:** | RL VENTURES, LLC |
| **Case Number:** | 4:14-BK-16095-SHG   **Chapter:** 7 |
| **Date / Time / Room:** | WEDNESDAY, FEBRUARY 21, 2018 02:00 PM   COURTROOM 329 |
| **Bankruptcy Judge:** | SCOTT H. GAN |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | ALICIA JOHNS |

*Matters:*

1) **ADV: 4-16-00512**

    **TRUDY A. NOWAK vs SKYLINE RIDGE, LLC & WALID A. ZARIFI**

    ORAL ARGUMENT ON MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SKYLINE RIDGE, LLC AS TO COUNT II OF THE AMENDED COMPLAINT FILED BY ADAM 1 NACH OF LANE & NACH, P.C. ON BEHALF OF TRUDY A. NOWAK. (cont. from 12/6/17) (resched. from 1/24/17)

    **R / M #:**   37 / 0

2) **ADV: 4-16-00512**

    **TRUDY A. NOWAK vs SKYLINE RIDGE, LLC & WALID A. ZARIFI**

    PRETRIAL SCHEDULING CONFERENCE ON AMENDED COMPLAINT AGAINST SKYLINE RIDGE, LLC, WALID A. ZARIFI. (reset from 3/14/17) (cont. from 9/12/17) (resched. from 10/17/17) (resched. from 11/14/17) (cont. from 12/6/17) (resched. from 1/24/17)

    **R / M #:**   8 / 0

*Appearances:*

JOEL NEWELL, ATTORNEY FOR TRUDY A. NOWAK
MICHAEL BALDWIN, ATTORNEY FOR SKYLINE RIDGE, LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:14-BK-16095-SHG           WEDNESDAY, FEBRUARY 21, 2018 02:00 PM

## *Proceedings:*

ITEM 1: ORAL ARGUMENT ON MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SKYLINE RIDGE, LLC AS TO COUNT II OF THE AMENDED COMPLAINT FILED BY ADAM 1 NACH OF LANE & NACH, P.C. ON BEHALF OF TRUDY A. NOWAK. (cont. from 12/6/17) (resched. from 1/24/17)

ITEM 2: PRETRIAL SCHEDULING CONFERENCE ON AMENDED COMPLAINT AGAINST SKYLINE RIDGE, LLC, WALID A. ZARIFI. (reset from 3/14/17) (cont. from 9/12/17) (resched. from 10/17/17) (resched. from 11/14/17) (cont. from 12/6/17) (resched. from 1/24/17)

The Court has reviewed the pleadings. It expresses its concerns based upon the history in the case and the argument of counsel.

Mr. Baldwin thinks there is only one matter in controversy which is whether or not Skyline Ridge is a non-statutory insider.

The Court discusses the elements that are applied in determining what constitutes insider status as well as the Ninth Circuit case law that applies. It looks at the issue of whether there were equal rights by the parties to assert mutual control over the joint venture.

Mr. Baldwin argues in opposition to the trustee's motion and why there is no evidence that Skyline Ridge asserted control over the joint venture. RL Ventures and Skyline Ridge each had individual control of certain aspects which the other party did not infringe on in any way. It is his position that a general partnership indicates an ongoing business relationship and would not apply to just one joint venture.

Mr. Newell points to a case that addresses the issue of whether a general partnership can be utilized for a single transaction. He would submit that both affidavits set forth that the joint venture, and all the elements that the trustee believes, are sufficiently before the Court to deem there was a partnership between Skyline Ridge and RL Ventures. The trustee is not saying Skyline Ridge had control over the day to day business operations of RL Ventures.

It is the Court's interpretation that a general partnership relationship can be created in a joint venture.

Mr. Baldwin thinks the affidavits establish that the parties did not have control over each other's activities. At minimum he thinks there would have to have a triable issue of fact on that subject.

The Court wonders if it rules against Mr. Baldwin regarding the question of an insider, if Mr. Baldwin would still want to move forward with a trial on the issues of whether or not RL Ventures was insolvent and whether or not Skyline received more than it's fair share in a Chapter 7. It will rule that there was a transfer and that it occurred within the period, and the issue will be whether it will be applicable to the ninety day or year period depending and on account of an antecedent debt.

Mr. Baldwin will need to speak with his client about moving forward depending on the Court's ruling.

The Court gives Mr. Newell an opportunity to discuss any point he feels the Court did not address.

Mr. Newell advises it is the trustee's perspective that the Defendant falls within the definition of a statutory insider based upon the affidavits and strict read of the statutory insider provision. He understands the remaining issues are whether or not the debtor was insolvent at the time of the transfers and whether or not the defendant received more than they would have in a Chapter 7. He takes a moment to briefly argue the remaining two matters.

The Court would suggest through either an affidavit of Mr. Lee or some analysis of the books and records that it be established that there is no dispute that the debtor had no tangible personal property, no intellectual property and owned no real property. If the Court rules against Mr. Baldwin a status hearing will be set to see what action the Defendant would like

Page 2 of 3

Case 4:16-ap-00512-SHG    Doc 61    Filed 02/21/18    Entered 03/01/18 10:37:04    Desc
Main Document    Page 2 of 3                                      03/01/2018    10:36:49AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:14-BK-16095-SHG          WEDNESDAY, FEBRUARY 21, 2018 02:00 PM

to take.    There is further discussion about the involvement of Skyline and what it means in terms of any liability.

Mr. Baldwin continues to argue that there was no limited general partnership between the parties. It is his position that general partnerships are an all or nothing proposition. If the participants can be responsible independently, then it cannot be a general partnership.

Mr. Newell assumes the pretrial scheduling conference will just ride the calendar to the next hearing.

The Court confirms that is correct.

***COURT: THE MATTER IS TAKEN UNDER ADVISEMENT.***

The hearing is adjourned.

C=> MEB

Page 3 of 3

Case 4:16-ap-00512-SHG   Doc 61   Filed 02/21/18   Entered 03/01/18 10:37:04   Desc
Main Document    Page 3 of 3                              03/01/2018   10:36:49AM